UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF LOUISIANA

McCorkle

versus

Metropolitan Life Ins. Co., et al

Civil Action No. 12-00124

Judge Richard T. Haik, Sr.

Magistrate Judge C. Michael Hill

**MEMORANDUM RULING**

Before the Court is a Motion For Summary Judgment on Issues of Administrative Record Completeness and Discretion filed by plaintiff, Loy M. McCorkle [Rec. Doc. 24], a Motion For Partial Summary Judgment filed by defendants, Metropolitan Life Insurance Company and Turner Industries Group, L.L.C., [Rec. Doc. 28], Plaintiff's Opposition To Defendants' Motion For Partial Summary Judgment On The Issue Of Discretion [Rec. Doc. 34] and Defendants' Reply thereto [Rec. Doc. 37].

*I. Background*

This action is brought under the Employment Retirement Income Security Act (ERISA), 29 U.S.C. §1001, et. seq. Plaintiff, Loy M. McCorkle, filed this lawsuit on February 29, 2012 seeking life insurance benefits as the designated beneficiary of her deceased husband's life insurance policy. The record indicates that on May 31, 2012, the parties filed a Joint Stipulation stating that the employee welfare benefit plan at issue in this case is governed by ERISA ("the Plan"). *R. 15.* The parties did not agree, however, as to the completeness of the Administrative Record or whether the Plan Administrator had discretionary authority. On July 18, 2012, plaintiff filed a motion for summary judgment as

to both issues, *R. 24*, and on July 31, 2012, defendants filed a motion for partial summary judgment and opposition as to the issue of discretionary authority, *R. 28*. The Court will address these issues as follows.

## II. Summary Judgment Standard

A motion for summary judgment shall be granted if the pleadings, depositions, and affidavits submitted show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. FED. R. CIV. PROC. 56; *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994) (en banc). When a party seeking summary judgment bears the burden of proof at trial, it must come forward with evidence which would entitle it to a directed verdict if the evidence were uncontroverted at trial. *Celotex Corp. v. Catrett*, 477 United 317, 324 (1986). As to issues which the nonmoving party has the burden of proof at trial, the moving party may satisfy this burden by demonstrating the absence of evidence supporting the nonmoving party's claim. *Celotex Corp.*, 477 United at 324.

Once the movant produces such evidence, the burden shifts to the respondent to direct the attention of the court to evidence in the record sufficient to establish that there is a genuine issue of material fact requiring a trial. *Id.* The responding party may not rest on mere allegations made in the pleadings as a means of establishing a genuine issue worthy of trial. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248-49 (1986); *Little*, 37 F.3d at 1075. If no issue of fact is presented and if the mover is entitled to judgment as a matter of law, the court

is required to render the judgment prayed for. FED. R. CIV. PROC. 56(c); *Celotex Corp.*, 477 U.S. at 322. Before it can find that there are no genuine issues of material fact, however, the court must be satisfied that no reasonable trier of fact could have found for the nonmoving party. *Id.*

### III. Analysis

The record provides that the Administrative Record was filed on July 3, 2012, *R. 23*. On July 18, 2012, plaintiff filed the motion at bar. *R. 24*. Plaintiff submits that the issues before the Court are: (1) the completeness of the Administrative Record; and, (2) whether MetLife is the Plan Administrator with discretionary authority. The record indicates that on July 30, 2012, defendants filed a Supplemental Response To ERISA Case Order Section (3) consisting of Bates stamp pages AR363 to AR460, "Supplemental Attachment B," representing that the documents constitute the Administrative Record in MetLife's possession after the appeal determination of September 26, 2011 and before the date of filing of this lawsuit. *R. 27*. On August 1, 2012, the parties filed a Joint Stipulation In Response To Section (4) of the ERISA Case Order stating that they agree and stipulate that "[t]he Administrative Record produced by Metropolitan Life Insurance Company as Attachment B to MetLife's Response to ERISA Case Order Section (3), consisting of pages Bates stamped AR001 to AR460 is complete." *R. 29*. Accordingly, plaintiff's motion as to completeness of the administrative record is therefore moot and the Court will address only the issue of whether MetLife is the Plan Administrator in this case.

Every plan "shall provide for one or more named fiduciaries who ... shall have authority to control and manage the operation and administration of the plan." 29 U.S.C. § 1102(a)(1). Section 1002(16)(A) defines an administrator as:

> (i) the person specifically so designated by the terms of the instrument under which the plan is operated; (ii) if an administrator is not so designated, the plan sponsor [the employer, employee organization, or association of employers]; or (iii) in the case of a plan for which an administrator is not designated and a plan sponsor cannot be identified, such other person as the Secretary may by regulation prescribe.

In this case, the Plan's Summary Plan Description ("SPD") expressly designates the Plan sponsor and employer, Turner Industries Group, L.L.C. ["Turner"], as the Plan administrator. SPD074. The SPD further states in pertinent part:

> In carrying out their respective responsibilities under the Plan, the Plan administrator and other Plan fiduciaries shall have discretionary authority to interpret the terms of the Plan and to determine eligibility for and entitlement to Plan benefits in accordance with the terms of the Plan. Any interpretation or determination made pursuant to such discretionary authority shall be given full force and effect, unless it can be shown that the interpretation or determination was arbitrary and capricious.

SPD078.

Based on the foregoing, plaintiff contends that MetLife is not the Plan administrator because there are no documents which state that MetLife was to perform any administrative function other than the payment of claims - its inherent duty as the insurer of the Plan rather than as administrator of the Plan. Defendants argue that the above language, "and other Plan fiduciaries" makes it clear that discretionary authority is given to both the Plan administrator, Turner, and the insurer of the Plan, MetLife. Hence, the issue before the Court is whether

4

MetLife is a "Plan fiduciary" with discretionary authority to determine eligibility for benefits and to construe the terms of the Plan.

The existence of a fiduciary relationship under ERISA is a mixed question of law and fact. *Kramer v. Smith Barney*, 80 F.3d 1080, 1083(FN2) (5th Cir. 1006). The term "fiduciary" is defined in 29 U.S.C. § 1002(21)(A) to include persons who, with respect to an employee benefit plan, "[exercise] any discretionary authority or discretionary control respecting management of such plan or exercises any authority or control regarding management or disposition of its assets." ERISA § 3, 29 U.S.C. § 1002(21)(A). "Thus, a person is a fiduciary if that person has discretion in deciding whether claims are to be paid or establishes the policies and procedures to be followed in evaluating claims. Conversely, persons who provide only ministerial or actuarial services are not fiduciaries." *McManus v. Travelers Health Network of Texas*, 742 F.Supp. 377, 382 (W.D.Tex.,1990)(internal citations omitted); *see also, Timmons v. Special Ins. Services*, 984 F.Supp. 997, 1005 (E.D.Tex.,1997)("whether an insurer is an ERISA fiduciary depends largely upon which hat the insurer wears—that of a party with some discretion over management of the Plan or that of a party with purely ministerial duties.").

The term fiduciary has been given "a liberal construction in keeping with the remedial purposes of ERISA. A person is a fiduciary only with respect to those portions of a plan over which he exercises discretionary authority or control." *American Fed'n of Unions Local 102 v. Equitable Life Assurance Soc'y*, 841 F.2d 658, 662 (5th Cir.1988). Consistent with the

broad definitional language of "fiduciary" in 29 U.S.C. § 1002(21), an insurance company may become a fiduciary of an ERISA plan by falling within the definition of a "fiduciary" contained in § 1002(21)(A). 181 A.L.R. Fed. 269 §§ 2[a], 15 (2002). Courts in the Fifth Circuit have expressly held that an insurance company is a plan fiduciary insofar as it determines ERISA benefits claims. *See, e.g., Vega v. National Life Ins. Services, Inc.*, 145 F.3d 673 (5th Cir. 1998), *reh'g en banc granted, opinion vacated on other grounds*, 167 F.3d 197 (5th Cir. 1999) *and on reh'g en banc*, 188 F.3d 287 (5th Cir. 1999); *Pierre v. Connecticut General Life Ins. Company/Life Ins. Co. of North America*, 932 F.2d 1552 (5th Cir. 1991); *American Fed'n of Unions Local 102*, 841 F.2d 658; *Timmons* 984 F.Supp. 997; *McManus*, 742 F.Supp. 382.

Notably, in *Vega*, the court found that an insurance company that determined medical benefits claims under an ERISA plan was a fiduciary notwithstanding a provision in the plan summary that identified the employer as the plan administrator and stated that the insurance company was not to be deemed a named fiduciary or plan administrator. The court noted that the insurance company fell within the § 1002(21)(A) definition, since it had complete discretionary authority to decide claims, as indicated by the express terms of the plan summary, which stated that it had "complete discretion" in making determinations regarding plan coverage, payment of claims, or interpretation of the plan.

Here, Turner, the designated "Plan administrator," joins MetLife in asserting that MetLife is a Plan fiduciary vested with discretion to determine the extent to which an insured

6

is entitled to benefits. *R. 28*. The certificate of insurance which is part of the Plan's SPD, clearly states that MetLife is the service provider "under the Plan" and sets out a detailed description of the insurance provisions under which MetLife makes all "eligibility determinations" as to benefits payable for particular claims. *SPD001-072; 074*. Under "ERISA Information," the SPD instructs that: (1) legal service for "disputes seeking payment of benefits" are to be made on MetLife; (2) MetLife has the right to end the policy; (3) decisions by MetLife are final; and (4) MetLife has the right to request further information and to notify a claimant as to its claim decision." *R. SPD076-77*. Thus, under these provisions MetLife effectively has final authority to determine claims. Finally, the SPD provides that the Plan fiduciary "shall have discretionary authority to interpret the terms of the Plan and to determine eligibility." *SPD078*.

Based on the foregoing, the Court finds that although Turner, the sponsoring employer, is nominally the administrator of the Plan, discretion is in fact vested in the insurer, MetLife, and therefore, MetLife is endowed with fiduciary status under ERISA.

*Conclusion*

As the Court has found that the Administrative Record is complete and that MetLife is vested with the discretionary authority to interpret and construe the terms of the policy and to make benefit decisions, the Court will deny plaintiff's Motion For Summary Judgment on Issues of Administrative Record Completeness and Discretion and grant MetLife's Motion For Partial Summary Judgment.

Richard T. Haik, Sr.
U.S. District Judge